ORDER
hKIMBALL, Justice.
Premises considered:
IT IS ORDERED that Johnny S. Anza-lone is hereby reinstated to the practice of law in this state on a conditioned basis for an additional period of five years from the date of this order. At the end of that period Disciplinary Counsel shall either show cause to this Court why the Conditional Reinstatement and the following probationary terms should be continued or to file a notice of satisfactory completion of the period with this Court.
IT IS FURTHER ORDERED that during the five year period of his Conditional Reinstatement to Active Status Mr. Anzalone shall be placed upon supervised probation subject to the following terms and conditions:
1. He shall enter into a contract with the Lawyers Assistance Program (LAP) which includes all of the terms and conditions proposed by Dr. Martha Brown for a five year monitoring program.
2. He shall continue in professional recovery after care at the Red River facility or at another recovery facility approved by the LAP. He shall provide an unconditional written waiver enabling his counselor at Red River or any other recovery facility to provide requested information to the Chair or Director of the LAP. If Mr. Anzalone moves from close proximity to the Red River or other LAP approved treatment facility, he shall attend the closest lawyer support group weekly meetings and shall comply with any additional recommendations made by Dr. Martha Brown.
3.He shall attend the number of NA or AA meetings required by his LAP monitor and/or recovery counselor and provide whatever documentation is required by the LAP. He shall also attend any additional evaluations with Dr. Martha Brown or other LAP approved Board' Certified Addictionologist which may be required by the LAP or his recovery counselor.
|24. He shall cooperate fully with the LAP and with his counselor in the Red River or other LAP approved facility’s recovery program.
5. He shall make arrangements to pay any outstanding costs of these proceedings (96-DB-001, 97-PDB-069 and 98-PDB-083) as may be determined by the Disciplinary Board pursuant to the procedures in Rule XIX, Appendix A, Rule 7. Any failure to follow a payment plan agreed to by Mr. Anzalone and the Board will be a violation of the terms of probation.
6. Any failure by Mr. Anzalone to cooperate fully with the LAP or his recovery program counselor; any violation of these terms of probation; any violation whatsoever of his LAP contract; any refusal or failure to take a requested supervised drug screen; any violation of the Rules of Professional Conduct or any failure to fully and completely cooperate with disciplinary counsel; any positive reading on a drug screen; any violent act; and dishonest act; or any indication that Mr. Anzalone is engaging in substance abuse or attorney misconduct may result in the filing of a rule to revoke probation by the Office of the Disciplinary Counsel.
*969 7. Any rale to revoke probation which the Office of the Disciplinary Counsel may file against Mr. Anzalone shall be handled pursuant to La.Sup.Ct. Rule XIX, Appendix C, Rule 5 or subsequent procedure adopted and approved by the Court for revocation proceedings in bar disciplinary matters.
8. Any proposal to modify the terms of this probation may be submitted in writing to the Disciplinary Board who shall receive the written input or opposition of Mr. Anzalone, the LAP, and Disciplinary Counsel before recommending approval or disapproval of same to the Court.
/s/ Catherine D. Kimball
Justice